## No. 26772

### The People of the State of Colorado v.
### Joseph Hank Hollman
(535 P.2d 1125)

Decided May 27, 1975.

J. E. Losavio, Jr., District Attorney, Clinton A. Smith, Deputy, for plaintiff-appellant.

Darol C. Biddle, for defendant-appellee.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This interlocutory appeal is from a supplemental suppression order entered on the morning of trial which expanded upon a

suppression order previously entered by another judge. We hold the supplemental order was too broad.

Defendant was charged by indictment in Pueblo district court with theft of a quantity of liquor.

The liquor — about 200 bottles — came into possession of the Pueblo sheriff's office as the result of a complaint lodged by the defendant himself. He had returned to his mobile home and discovered all of his personal belongings had been removed. In his absence — unknown to him — proceedings to repossess the mobile home had been started by the company which had sold it to defendant. The employee carrying out the repossession order had removed the personal effects and liquor and stored them in his own home. Corporal Holderman of the Pueblo sheriff's office received defendant's report of the missing liquor and personalty and in the course of the investigation found the property and stored all of it in sheriff's office.

When defendant attempted to reclaim his property, Corporal Holderman refused to return the liquor and declared it to be confiscated for investigation of possible theft. Defendant was subsequently indicted on the unauthorized taking of liquor from a local liquor store.

Following a hearing on a "motion to suppress tangible evidence," District Judge Robb ruled:

"3. Deputy Sheriff Holderman's taking of liquor and other personal property, belonging to the Defendant, from Menno Frerichs and placing the property under lock and key and thereafter refusing to return some of the property, the liquor, to the Defendant on March 29, 1974, was a 'seizure' by a State Officer, the legality of which must be tested under applicable Constitutional standards.

"4. . . . The People failed to show that the items seized, namely the liquor, were fruits, instrumentalities, contraband or evidence connected with any criminal activity of the Defendant under investigation and therefore no probable cause was shown for the seizure of the liquor on March 29, 1974, by Deputy Sheriff Holderman."

In the order which is the subject of this appeal the trial judge granted a so-called "motion in limine" prohibiting any *testimonial* evidence concerning the liquor or concerning its removal prior to its "seizure" by the sheriff.

This was error. From a reading of the previous suppression order, the court ruled the unlawful conduct of the sheriff occurred on the date the officer refused to release the liquor, there then being no probable cause to "seize" the same. If properly connected, there would be no reason to exclude the testimony of the mobile home company's employee concerning what he saw and what he took or of persons in the sheriff's office concerning their observations of the property which at the time was properly in custody at the request of the defendant.

The order is reversed.

MR. JUSTICE KELLEY and MR. JUSTICE ERICKSON do not participate.